*Exhibit A*

## AFFIDAVIT

I, Christopher E. Cotten, being duly sworn, states as follows:

1. I am an Assistant United States Attorney, United States Department of Justice, and have been so employed for approximately 34 years.

2. This affidavit is submitted in support of the forfeiture of the following property ("the defendant property"): *One (1) 2016 Black Infiniti Q50, VIN JN1FV7AP9GM420961, with all appurtenances and attachments thereon.*

3. The information in this affidavit comes from court records, as well as information provided by law enforcement personnel with firsthand knowledge of the facts set forth herein. Because this affidavit is submitted for the limited purpose of supporting a Verified Complaint of Forfeiture, I have not included each and every fact known to the government about the investigation described below.

4. On February 5, 2021, the Bureau of Alcohol, Tobacco, Firearms and Explosives executed a federal search warrant at 3506 Fox Meadows Road in Memphis, Tennessee, the residence of Percy Woodears. During the execution of the search warrant agents seized the subject property specified in paragraph 2 above.

5. On January 13, 2022, Percy Woodears pleaded guilty to Counts 1, 8 and 14 of a fourteen-count second superseding indictment in Case No. 2:21-cr-20010 (W.D. Tenn.), which charged him with conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine in violations of 21 U.S.C. §§ 841 and 846. (RE-318: Second Superseding Indictment). The indictment contained criminal forfeiture allegations expressly naming the defendant property as being subject to forfeiture because it was involved in the offense of conviction. *Id.* His plea agreement likewise expressly described the defendant property, and

provided that he consented to the forfeiture as set forth in the forfeiture allegations. (RE-378: Plea Agreement).

6. A sentencing hearing was held on June 2, 2022, wherein Woodears was sentenced to 135 months of incarceration, to be followed by five years of supervised release. Both the oral pronouncement of sentence and the judgment referenced the forfeiture of the defendant property; however, no preliminary and final orders of forfeiture were ever entered in the criminal case as required by Fed. R. Crim.P. 32.2. Given the passage of time, and Woodears' consent to the forfeiture of the defendant property, the United States believes that a civil forfeiture action represents the most expeditious means of achieving the forfeiture the parties originally intended; and brings this action as a result.

7. Based on the foregoing, the defendant conveyance is subject to forfeiture pursuant to 21 U.S.C.§ 881.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  14th  day of   April   , 2025.

/s Christopher E. Cotten
CHRISTOPHER E. COTTEN
Assistant United States Attorney

2